# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM A. KENNEDY, BAR NO. 9365.

No. 73805

**FILED**

FEB 2 3 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney William A. Kennedy be suspended from the practice of law in Nevada for one year based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), RPC 8.1(b) (bar admissions and disciplinary matters), and RPC 8.4(d) (misconduct prejudicial to the administration of justice). No briefs have been filed, so this matter stands submitted for decision based on the record as provided in SCR 105(3)(b).

The complaint alleged that Kennedy violated RPC 1.3 (diligence) and RPC 3.2 (expediting litigation) by failing to diligently litigate a client's action resulting in one action being closed and the other being dismissed; violated RPC 1.4 (communication) by failing to keep the client apprised of the status of her cases or to respond to her requests for information; violated RPC 8.1(b) (bar admissions and disciplinary matters) by failing to respond to the State Bar's requests for response to the client's grievance; and violated RPC 8.4(d) (misconduct prejudicial to the administration of justice) by failing to adequately represent the client and participate in the disciplinary process. The record demonstrates that the

18-07192

State Bar sent the grievance and request for response to Kennedy at his SCR 79 address; served the complaint, notice of intent to enter a default, request for entry of default, order appointing formal hearing panel, and a notice of default hearing by mail at Kennedy's SCR 79 address and an alternate address located in California. The documents sent to the SCR 79 address were returned as undeliverable. Kennedy never responded or filed an answer. As a result, a default was entered and the charges in the complaint were deemed admitted. SCR 105(2).

Based on the default, the issue for this court is the discipline to impose. Although we must exercise our independent judgment as to the appropriate discipline, *see* SCR 105(3)(b) (adopting de novo standard), the hearing panel's recommendation is persuasive, *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Kennedy violated duties owed to his client (diligence and communication) and the legal profession (failing to respond to lawful request for information from a disciplinary authority). Based on the allegations in the complaint and Kennedy's default, we agree with the panel's assessment that Kennedy acted knowingly. Kennedy's misconduct harmed his client in that she did not receive the services that she retained Kennedy to perform and her civil action lingered for years when Kennedy could have obtained a default judgment early in the proceedings had he acted with diligence. Kennedy's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a

Supreme Court
OF
Nevada

(O) 1947A

self-regulating disciplinary system. Based on the most serious instances of misconduct, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2015) "The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), we agree with the hearing panel that a suspension is warranted. *Id.* at Standard 4.42(b) (suspension is the baseline sanction when a lawyer "engages in a pattern of neglect and causes injury or potential injury to a client"). There are no mitigating circumstances to warrant a lesser sanction, and the two aggravating circumstances—prior disciplinary record[1] and pattern of misconduct—do not warrant a more severe sanction. We further agree that the one-year suspension recommended by the hearing panel is sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we hereby suspend attorney William A. Kennedy from the practice of law in Nevada for one year commencing from the date of this order. Kennedy shall pay restitution to the client in this matter in

---

[1]Kennedy's prior disciplinary record includes a single matter that involved misconduct similar to that at issue in this matter during the same time period and resulted in a one-year suspension that commenced on February 24, 2017. *In re Discipline of Kennedy,* Docket No. 71326 (Order of Suspension, Feb. 24, 2017). Although not a disciplinary matter, we note that Kennedy also has been administratively suspended for failing to comply with CLE requirements and to pay annual membership dues.

the amount of $4,500 (the retainer that the client paid to Kennedy).[2] Kennedy also shall pay administrative costs to the State Bar in the amount of $2,500, in addition to the hard costs of the disciplinary proceeding as invoiced by the State Bar, within 30 days from the date of this order. SCR 120(1), (3). The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.



_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:  Chair, Southern Nevada Disciplinary Board
     Law Office of William A. Kennedy, Esq.
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

---

[2]No application for reinstatement submitted by Kennedy shall be processed unless he provides proof that he has paid the restitution ordered.